No. 10,791.

*BLUE RAPIDS OPERA HOUSE COMPANY, *Appellant,* v. MERCAN-
TILE BUILDING & LOAN ASSOCIATION, *Appellee.*

### HEADNOTE BY THE REPORTER.

CORPORATION—*Borrowing Money—Bond and Mortgage—Ultra Vires—
Estoppel.* Where an opera house company made a loan by taking stock
in a building and loan association, executing its bond and mortgage
therefor, it is estopped, after it has had the full benefit of the loan,
to plead that its officers were without authority to make the loan or
that the mortgage was *ultra vires.*

Appeal from Marshall district court; ROBERT B. SPILMAN,
judge. Opinion filed July 8, 1898. Affirmed.

*J. A. Broughton,* for the appellant.

*Porterfield & Pence, Strong & Scoville,* and *Charles W. Web-
ster,* for the appellee.

*Per Curiam:* The controversy in this case is as to the fore-
closure of a mortgage given by the Blue Rapids Opera House
Company to the Mercantile Building & Loan Association, a
corporation of Missouri. The plaintiff was a corporation or-
ganized to purchase ground and erect and maintain thereon
an opera house. Ground was purchased for that purpose, and
in order to erect the building it became necessary for the com-
pany to borrow money. A loan of $2000 was necessary in
order to erect and complete the building, and it was obtained
from the building and loan association. In order to obtain the
loan the opera house company became a shareholder in the
building and loan association. The money was obtained upon
the execution of a bond and mortgage. Default having been
made in the payments to be made upon the same, proceedings
were had to foreclose the mortgage.

The opera house company contends that its officers were
without power to make the loan by taking stock in the build-
ing and loan association. Whatever may have been the powers

* NOTE.—This case was not reported in full when the opinion was filed
(see 59 Kan. 778), and is reported here because it is cited in the cases of
*Bank v. Wilson,* ante, p. 72, and *Kelly v. Insurance Co.,* post, p. 91.

of the officers of the opera house company in this respect, the defense of *ultra vires* is not available to the company. The contract has been in good faith fully performed by the other party, the money has been paid, and the opera house company has had the full benefit of the payment and the performance of the contract. The law now interposes an estoppel and will not permit the validity of the loan contract to be questioned. (*Railroad Co. v. Johnson,* 58 Kan. 175.)

There is a further contention that by reason of the premiums and fees paid for membership in the building and loan association the contract was usurious. We have examined the provisions of the contract, the by-laws of the association and the testimony with respect to the contract, and are unable to say that the contract is usurious.

The judgment of the district court will be affirmed.